UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
| | ) | |
| | ) | VIOLATION: |
| V. | ) | 18 U.S.C. § 1341 - Mail Fraud |
| | ) | 18 U.S.C. § 2 - Aiding and Abetting |
| SCOTT GREEN, | ) | |
| | ) | 05 CR 10166 DPW |
| Defendant. | ) | |
| _____ | ) | |

INFORMATION

The United States Attorney charges that:

Preliminary Allegations

At all times material hereto, unless otherwise alleged:

1. At all times relevant to this Information, the Department of Health and Human Services was an agency of the United States and was responsible for the funding, administration and supervision of the Medicare Program. The Health Care Financing Administration ("HCFA") was a division of that agency of the United States and was directly responsible for administration of the Medicare Program. HCFA, in discharging its responsibilities, contracted with private insurance companies, known as fiscal intermediaries and carriers, to receive, review, and pay appropriate claims for reimbursement for the provision of care to Medicare Program beneficiaries.

2. The Medicare program issued a Provider Identification Number ("PIN") to each health care provider who was authorized to bill the Medicare program for services rendered.

3. The Medicare Program was administered in Massachusetts by the National Heritage Insurance Company ("National Heritage") of Hingham, Massachusetts. National Heritage approved and paid claims filed by providers of Medicare services by mailing checks via the United States Mail to the claimants. The Medicare Program reimbursed National Heritage for the claims it paid.

4. The Medicare program provided insurance payments for certain psychiatric and psychotherapy services for nursing home bound Medicare patients if such services were reasonable and necessary, and were performed by certain, specified licensed medical providers. The Medicare program did not issue PINs to health care professionals who were licensed Mental Health Counselors. Psychiatric or psychotherapy services rendered by licensed Mental Health Counselors in connection with the treatment of nursing home-bound patients were not reimbursable by the Medicare program, unless the Mental Health Counselors were both acting under the direct supervision of Medicare-eligible medical providers and were employed either by those providers or by the legal entity employing those providers.

5. Defendant **SCOTT GREEN** was licensed by the Commonwealth of Massachusetts as a Mental Health Counselor. Defendant **SCOTT GREEN** did not possess a PIN and, as a result, defendant **SCOTT GREEN** was not authorized to bill Medicare directly for any services he provided.

6. Geri-Psychiatric Associates (hereinafter referred to as "GPA") of Weymouth, MA, and Lexington, MA, was a limited liability company licensed to render psychotherapy and psychiatric services. GPA was created on or about February 10, 1998, and was legally dissolved on or about July 21, 1999. Defendant **SCOTT GREEN** served as the Manager and President of GPA, and continued to do business using the GPA name after its dissolution.

7. Doing business as GPA, defendant **SCOTT GREEN** made arrangements with various nursing homes to provide psychiatric and psychotherapy services.

8. At various times, defendant **SCOTT GREEN** approached different licensed medical providers (hereafter referred to as "Dr. A" and "Dr. B" ) and asked them to supervise defendant **SCOTT GREEN's** work. Dr. A and Dr. B agreed to supervise defendant **SCOTT GREEN** in exchange for receiving a fee based upon a percentage of defendant **SCOTT GREEN**'s Medicare billing receipts. Defendant **SCOTT GREEN** requested Dr. A and Dr. B to provide their respective Medicare PINs to GPA's billing agent, which they did.

## COUNT ONE
## (MAIL FRAUD)

### The Scheme To Defraud

9. Beginning on a date unknown to the United States Attorney but not later than in or about January 29, 1999, and continuing thereafter through at least on or about January 13, 2000, in the District of Massachusetts, defendant

**SCOTT GREEN**

devised and intended to devise a scheme and artifice to defraud the Medicare Program and to obtain money by means of materially false and fraudulent pretenses, and representations, well knowing that the pretenses and representations were false and fraudulent when made.

### The Purpose of the Scheme

10. The purpose of the scheme and artifice was to enrich defendant **SCOTT GREEN** and to defraud the Medicare program of money by causing to be submitted and paid Medicare claims that were materially false and fraudulent in that claims indicated that specific patients had received psychological treatments on certain dates and that those treatments had been provided by Dr. A and Dr. B, when, in fact, on numerous occasions, defendant **SCOTT GREEN** had not provided any such treatments to those patients on those dates. Through this scheme and artifice to defraud, defendant **SCOTT GREEN** caused false and fraudulent claims to be submitted to the Medicare Program, which resulted in the Medicare Program ultimately being defrauded of more than $70,000.

Manner and Means

11. It was part of the scheme and artifice to defraud that defendant **SCOTT GREEN**, with the understanding of Dr. A and Dr. B, directed the billing agent for GPA to complete Medicare reimbursement claims using Dr. A's and Dr. B's names and PINs and to submit those claims to National Heritage seeking reimbursement for purported treatments of various elderly patients located at the nursing homes for which GPA had made arrangements to provide psychiatric and psychotherapy services.

12. It was further part of the scheme and artifice to defraud that, on numerous occasions, defendant **SCOTT GREEN** instructed the GPA billing agent to submit claims seeking Medicare reimbursement for the treatment of elderly patients on specific dates, which claims were materially false and fraudulent in that defendant **SCOTT GREEN** had not in fact seen or rendered psychological services to those patients on those dates.

13. It was further part of the scheme and artifice to defraud that, on multiple occasions, defendant **SCOTT GREEN** caused Medicare claims to be submitted that were materially false and fraudulent in that the claims falsely inflated the number of hours and the number of visits that defendant **SCOTT GREEN** had spent providing psychological services in connection with specified nursing home patients.

14. It was further part of the scheme and artifice to defraud that, on or about July 8, 1999, defendant **SCOTT GREEN** met for the first time with Dr. A, a licensed psychiatrist, asked Dr. A to supervise his work, and received from Dr. A the Medicare PIN assigned to Dr A.

15. It was further part of the scheme and artifice to defraud that defendant **SCOTT GREEN** subsequently caused the billing agent for GPA to submit Medicare claims using Dr. A's

name and PIN purporting to be for treatments beginning April 20, 1999, and continuing thereafter. These Medicare reimbursement claims were materially false and fraudulent in that many were for purported medical services that were never rendered by defendant **SCOTT GREEN**, some purportedly took place before defendant **SCOTT GREEN** had even met Dr. A, and none related to treatments that had been directly and personally supervised by Dr. A.

16. It was further part of the scheme and artifice to defraud that – both before and after being advised by Dr. A on or about September 15, 1999, that defendant **SCOTT GREEN** was not following the applicable Medicare regulations in connection with his billings and that the funds received from Medicare needed to be returned – defendant **SCOTT GREEN** caused Medicare claims to be submitted using Dr. B's name and PIN, which claims were materially false and fraudulent in that the claims indicated that specific patients had received psychological treatments on certain dates and that those treatments had been provided under the direct supervision of Dr. B, when, in many instances, defendant **SCOTT GREEN** had not provided any such treatments on those dates.

17. It was further a part of the scheme and artifice to defraud that defendant **SCOTT GREEN** caused forms to be submitted to National Heritage directing that the proceeds from the false and fraudulent Medicare claims submitted at his direction be sent to a Post Office box located in Braintree, Massachusetts, which defendant **SCOTT GREEN** had previously opened.

18. It further part of the scheme and artifice to defraud that defendant **SCOTT GREEN** caused National Heritage to pay monies in connection with the false and fraudulent Medicare claims submitted at his instruction, which proceeds defendant **SCOTT GREEN** ultimately received and deposited into various checking accounts under his control, including a

GPA checking account and a checking account that defendant **SCOTT GREEN** had previously opened under the name of "Benjamin Cooper."

The Mailings

19. Beginning on a date unknown to the United States Attorney but not later than on or about January 29, 1999, and continuing thereafter through at least on or about January 13, 2000, within the District of Massachusetts and elsewhere, for the purpose of executing and attempting to execute said scheme and artifice to defraud, defendant

**SCOTT GREEN**

knowingly caused to be placed in authorized depositories for mail matter, to be sent and delivered by the Postal Service, checks representing insurance proceeds from the false and fraudulent Medicare claims previously submitted on defendant's behalf using the PINs of various medical providers, which checks were mailed on behalf of National Heritage from Boston, Massachusetts.

All in violation of Title 18, United States Code, Sections 1341 and 2.

                MICHAEL J. SULLIVAN
                UNITED STATES ATTORNEY for the
                DISTRICT OF MASSACHUSETTS

By: _____
     JAMES E. ARNOLD
     GEORGE W. VIEN
     Assistant U.S. Attorneys

JS 45 (5/97) - (Revised USAO MA 6/29/04)

| **Criminal Case Cover Sheet** | **U.S. District Court - District of Massachusetts** |

**Place of Offense:** Massachusetts     **Category No.** III     **Investigating Agency** HHS

**City** Boston                **Related Case Information:**

**County** Suffolk
- Superseding Ind./ Inf. _____   Case No. _____
- Same Defendant _____   New Defendant x
- Magistrate Judge Case Number _____
- Search Warrant Case Number _____
- R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name    Scott Green                Juvenile  ☐ Yes  ☒ No

Alias Name    _____

Address    15439 West Lea Lane, Surprise, AZ 85374

Birth date (Year only):  1967   SSN (last 4 #):  6962   Sex M   Race: Caucasian   Nationality: USA

**Defense Counsel if known:**   Mark Smith       Address: 15 Broad Street, Suite 600
                                                         Boston, MA 02109; 617-367-7984

Bar Number: _____

**U.S. Attorney Information:**

AUSA    James E. Arnold            Bar Number if applicable    DC Bar 426040

**Interpreter:**  ☐ Yes  ☒ No     List language and/or dialect: _____

**Matter to be SEALED:**  ☐ Yes  ☒ No

☐ Warrant Requested    ☒ Regular Process    ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as of _____ in _____
☐ Already in State Custody at _____    ☐ Serving Sentence    ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

**Charging Document:**   ☐ Complaint    ☒ Information    ☐ Indictment

**Total # of Counts:**    ☐ Petty ____    ☐ Misdemeanor ____    ☒ Felony  1

Continue on Page 2 for Entry of U.S.C. Citations

☒   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: June 30, 2005        Signature of AUSA: _____

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**  Scott Green

**U.S.C. Citations**

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 U.S.C. §§ 1341, 2 | Mail Fraud | 1 |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set | | |
| Set | | |
| Set | | |
| Set | | |
| Set | | |
| Set | | |

**ADDITIONAL INFORMATION:**